UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

I.B., AN INDIVIDUAL,
Plaintiff,

Against

G6 HOSPITALITY PROPERTY LLC
Defendant.

CIVIL ACTION NO: ____________

# COMPLAINT

COMES NOW the Plaintiff I.B., by and through the undersigned counsel, and respectfully submits her Complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by I.B. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the owner and operator of the subject premises and subject hotel, doing business as Motel 6 Mesa North, and located at 336 W. Hampton Avenue, Mesa, AZ 85210, during the relevant time period of approximately 2015 through 2020 and as such responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3. During the relevant time period, Defendant was owner of the subject premises located at 336 W. Hampton Avenue, Mesa, AZ 85210.

4. During the relevant time period, Defendant was operator of the subject premises located at 336 W. Hampton Avenue, Mesa, AZ 85210.

5. Plaintiff, who was born in 1996, meets the definition of a sex trafficking victim as she was induced by her trafficker, through force, fraud, and coercion, to engage in sex with sex buyers at Defendant's subject hotel during the relevant time period.

6. Section 1591 of the TVPRA criminalizes sex trafficking by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated § 1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). The subject lawsuit is applicable to prong three, i.e., a beneficiary claim against a civil defendant.

## PARTIES

7. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address are not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficking victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

8. Plaintiff is currently a resident of the State of Idaho.

9. Defendant G6 HOSPITALITY PROPERTY LLC is a limited liability company authorized to do and doing business in the State of Arizona.

10. At all times relevant and material, Defendant owned and operated a hotel doing business as Motel 6 and located at 336 W. Hampton Avenue, Mesa, AZ 85210, and was authorized to do, licensed to do, and was doing business in the aforesaid State offering the subject hotel as a place of public lodging.

11. The principal place of business of Defendant is 4001 International Pkwy, Carrollton, TX 75007.

**JURISDICTION AND VENUE**

12. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim asserted in this action occurred in the judicial district where this action was brought, and/or Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

14. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. As the hotel owner and hotel operator during the relevant time period for the subject property, Defendant G6 HOSPITALITY PROPERTY LLC (headquartered at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the

training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

16. Plaintiff sets forth an action for violation of 18 U.S.C. § 1595 as against Defendant.

17. At all relevant times, Defendant, as owner and operator, was involved in the staffing and operation of Defendant's hotel where Plaintiff was trafficked for sex during the relevant time period of Defendant's ownership in approximately 2015 through 2020.

18. Plaintiff was trafficked by a male trafficker known as "Adam", a Caucasian male approximately 6'4" in height with a stocky build. Said trafficker was verbally and physically abusive toward Plaintiff, possessed a firearm which he used to intimidate and threaten Plaintiff, and frequently subjected Plaintiff to physical violence leaving her visibly bruised on her arms, legs, and at times with a black eye.

19. Plaintiff meets the definition of sex trafficking victim under 18 U.S.C. § 1591 because she was induced by her trafficker, through force, fraud, and coercion — including physical violence, threats and intimidation with a firearm, and exploitation of her dependence on the trafficker for food, shelter, and basic necessities — to have sex with sex buyers at Defendant's subject hotel during the relevant time period.

20. Rooms rented for use for the sex trafficking of Plaintiff on Defendant's subject premises were rented either by the trafficker or by others at the direction of the trafficker.

21. Discovery will inform whether the trafficker, or individuals at the trafficker's direction, booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

a. Under the registrant's proper legal name or a false name;

b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal; and

c. Whether staff of Defendant required for each booking that the renter show their identification.

22. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotel by receiving payment for the rooms rented by her trafficker (or by sex buyers at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA during the relevant time period of approximately 2015 through 2020.

23. Defendant rented rooms to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

24. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

25. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online), and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

26. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to the Plaintiff herein.

27. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

28. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker (and to sex buyers at the trafficker's direction) was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

29. Defendant G6 HOSPITALITY PROPERTY LLC's association with the Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with said Defendant at the subject hotel premises by means of rooms repeatedly rented by the trafficker (or by sex buyers at the direction of the trafficker) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

30. Defendant's repeated rental of rooms used for the trafficking of Plaintiff at the subject hotel — with stays at the subject hotel ranging from several days to several weeks at a time — was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the subject hotel were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

31. A continuous business relationship existed between Defendant's hotel, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to the Plaintiff's trafficker by repeatedly renting rooms to individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

32. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or by sex buyers at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, during the relevant time period.

33. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that said Defendant knew or should have known were involved in sex trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

34. Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at Defendant's hotel in violation of the TVPRA.

35. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

36. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's hotel, including as to the Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Steady foot traffic of sex buyers to the rooms in which Plaintiff was being trafficked;

b. Plaintiff was frequently visibly covered in bruises on her arms and legs and, at times, presented with a black eye, all of which would have been apparent to Defendant's staff during interactions on the premises;

c. On multiple occasions, Plaintiff checked in alongside sex buyers ("Johns") while visibly bruised and dressed in sexually explicit and provocative clothing, in circumstances where it would have been overtly apparent to Defendant's staff that commercial sex activity was occurring — yet Defendant's staff proceeded with check-in as routine and wished her, in substance, "enjoy your stay";

d. Plaintiff was repeatedly subjected to physical abuse by her trafficker in the parking lot of the subject hotel, including beatings that were observable, or should have been observable, to Defendant's staff and to other guests on the premises;

e. Commercial sex solicitation occurred on the subject hotel's grounds and parking lot;

f. Plaintiff's trafficker repeatedly paid for rooms in cash, frequently extending stays day-by-day rather than booking longer terms in a single transaction — a well-recognized indicator of sex trafficking activity;

g. Housekeeping was effectively excluded from the rooms used for trafficking throughout extended stays — itself a recognized red flag of trafficking — and had housekeeping entered, the conditions of the rooms (including cash on tables, condoms, lubricant, and sexually explicit clothing in plain view) would have made the commercial sex activity occurring within obvious;

h. Large numbers of condoms in trash during stays and upon checkout;

i. Plaintiff's rooms exhibited signs of commercial sex work, including condoms, lubricant, sexually explicit clothing, and cash;

j. In or about August 2017, the City of Los Angeles obtained a publicized $250,000 settlement against G6 Hospitality Property LLC arising out of allegations that a Motel 6 location operated by said Defendant had been used as a base of operations for human traffickers, pimps, prostitutes, and drug dealers — putting Defendant on heightened, brand-wide notice of the use of Motel 6 properties, including the subject property, for sex trafficking activity, and obligating Defendant to implement and enforce meaningful anti-trafficking measures throughout its hotel system, including at the subject hotel during the relevant time period;

k. Other commonly known sex trafficking red flags which the above-captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

37. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 36 above.

38. When being trafficked at the subject hotel during this Defendant's ownership, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker, as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises. Plaintiff's trafficker made a deliberate practice of being affable and ingratiating toward Defendant's staff in order to cultivate goodwill and forestall any inquiry, intervention, or reporting concerning the activity occurring in the rooms he rented.

39. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

40. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply, as well as all residual injuries suffered by PTSD.

41. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public, (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guest's behavior reasonably disturbs other guests, (7) guest violates other rules set by the hotel, and (8) for other indicated reasons.

42. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to

endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

43. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

44. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. § 1591.

## TOLLING OF LIMITATIONS

45. Plaintiff was under the control, coercion, and manipulation of her trafficker through at least October 2020, and as a result, Plaintiff lacked the information and capacity to understand her injuries and their legal causes.

46. Thus, Plaintiff did not discover and could not reasonably have discovered the legal cause of her injury — through no fault of her own — and lacked the information and understanding to bring a claim because she did not know both her injury and the cause of her injury. This lack of information was a direct result of Plaintiff being kept under the control, coercion, and manipulation of her trafficker, which Defendant facilitated.

47. At the time Plaintiff was harmed, she did not know that she was the victim of human trafficking as that term is defined by law, that her injury arose from being "trafficked" at Defendant's hotel or that she was a person "trafficked," much less that she was the "victim" of a

legal venture involving Defendant, and she did not discover and was not in a position to discover the legal cause of her injury for years after her trafficking ended.

48. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the doctrine of equitable tolling because, as a result of being a victim of trafficking, Plaintiff faced extraordinary circumstances, which arose through no fault of her own, that prevented her from filing a lawsuit, and those circumstances did not end more than 10 years before Plaintiff filed this lawsuit.

49. While under the control of her trafficker through at least October 2020, Plaintiff did not have the freedom to investigate her claims, to identify those responsible, or to seek legal representation necessary to pursue her legal rights. Plaintiff could not have pursued her claims while under the active control of her trafficker despite the exercise of ordinary diligence.

50. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the continuing violation doctrine because this lawsuit arises out of a pattern of continuous and ongoing tortious conduct by Defendant.

51. Plaintiff was subject to continuous trafficking at the subject hotel through at least 2020, which is not more than 10 years before Plaintiff brings this lawsuit.

52. This continuous trafficking resulted, in part, from Defendant's enabling of trafficking at the subject hotel as described above.

53. The TVPRA's ten-year limitations period, 18 U.S.C. § 1595(c), is subject to equitable tolling. See Arellano v. McDonough, 598 U.S. 1, 6–7 (2023), in which the Court emphasized the "hornbook law" presumption that federal statutes of limitations are subject to tolling unless Congress clearly states otherwise. See also Doe v. G6 Hospitality Franchising LLC et al., No. 3:2025-cv-00770 (N.D. Tex. 2025), Doc. 53.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;

b. Past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All damages allowable under the TVPRA;

i. Reasonable and recoverable attorney's fees;

j. Punitive damages with respect to each cause of action;

k. Costs of this action; and

l. Pre-judgment and all other interest recoverable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: April 28, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd
**THE BYRD LAW FIRM**
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

**Randolph Janis, Esq.**
**DOUGLAS AND LONDON, P.C.**
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

**Chloe Makowsky, Esq.**
**DOUGLAS AND LONDON, P.C.**
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

**Attorneys for Plaintiff**